## UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

IN RE:                                          )
                                                )
CONCO, INC.                                     )          CASE NO.: 12-34933(1)(11)
                                                )
_____ Debtor(s) _____ )

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Declaratory Relief filed by Interested Party Conco Acquirement, LLC ("CAL"). The Court considered the Motion, the Response to the Motion filed by Unsecured Creditors Committee ("UCC"), the Objection to Motion for Declaratory Relief filed by Debtor, Conco, Inc. ("Debtor") and the Objection to Motion for Declaratory Relief of Interested Party, General Dynamics-OTS, Inc. ("GD"), the Supplement to CAL's Motion for Declaratory Relief and Objection to Debtor's Expedited (1) Motion to Modify Subpoenas, and (2) Motion for Protective Order and CAL's Second Supplement to Motion for Declaratory Relief. The Court considered the filings of the parties, as well as the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court **DENIE**S the Motion for Declaratory Relief.

## LEGAL ANALYSIS

On November 2, 2014, CAL filed its Motion for Declaratory Relief. The Motion seeks a ruling from this Court declaring (a) that GD has no basis to object to the re-issuance of the stock of Debtor to CAL and (b) that CAL can provide adequate assurance of future performance of the executory contracts between Debtor and GD to authorize assumption of the GD contracts by the Debtor and their assignment to CAL.

The full background of the matter presently before the Court is set forth in the Court's Memorandum-Opinion issued on the Debtor's Expedited Motion to Modify Subpoenas and Motion for Protective Order of Debtor.

The hearing on confirmation of the Debtor's Third Amended Plan for Confirmation is scheduled for November 18, 2014. CAL objects to Debtor's Third Amended Plan on the grounds that the Plan was (1) not proposed in good faith and (2) that it does not comply with 11 U.S.C. § 1129(a)(7)(A)(ii). These grounds are based primarily on the fact that the UCC ultimately withdrew its plan and chose not to work with CAL in presenting a competing plan. That competing plan would have included the CAL proposal. For a number of reasons set forth in the Affidavit of Brian Schmidt, Chairman of the UCC, the UCC found CAL's proposal too contingent and indefinite for the Unsecured Creditors and instead, chose to work with the Debtor which resulted in the Third Amended Plan. The relief sought by CAL does not present a case of actual controversy and therefore the Motion for Declaratory Relief must be overruled.

The Declaratory Judgment Act of 28 U.S.C. § 2201, provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . ., as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading[1], may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. . . .

28 U.S.C. §2201(a). The Declaratory Judgment Act is an "enabling Act which confers discretion on the courts, rather than an absolute right upon the litigants." Courts have broad discretion to

---

[1]Debtor, UCC, and GD filed Objections to CAL's Motion for Declaratory Relief and, among other things, contend any such relief must be brought by way of an adversary proceeding pursuant to Bankruptcy Rule 7001(7) and (9). While the Court questions whether the relief requested by CAL is properly before the Court by motion, the Court's ruling herein is based on substantive rather than procedural grounds.

decline to enter a declaratory judgment. *DeNovellis v. Shalala*, 124 F.3d 298, 313 (1ˢᵗ Cir. 1997), quoting *Wilton v. 7 Falls Co.*, 515 U.S. 277, 287 (1995). The phrase "case of actual controversy" as used in the Act refers to the type of cases and controversies that are justiciable under Article III of the United States Constitution. *Gary v. City of New York*, 933 F. Supp. 416 (E.D. N.Y. 2013). The phrase incorporates the ripeness requirement of Article III. *MediImmume, Inc. v. Genetech, Inc.*, 549 U.S. 118, 126-27 (2007). A declaratory judgment action is ripe for adjudication if "the facts alleged, under all of the circumstances, show that there is a substantial controversy, between parties adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *In re Prudential Lines, Inc.*, 158 F.3d at 70.

The Court exercises its discretion and declines to assume jurisdiction over the matters raised in CAL's Motion for Declaratory Relief. There is no case of actual controversy raised by the matters addressed in the Motion or its supplements. First, as set forth at length in the accompanying Memorandum-Opinion, CAL has only filed an Objection to Debtor's Third Amended Plan. It has not submitted a signed offer to Debtor proposing to acquire the stock and assets of Debtor. It therefore, would be premature for the Court to issue any legal determination on provisions regarding assumption of and terms within the GD contract where there is no proposal currently pending before the Court under which CAL will assume or attempt to assume the GD contracts. Any such opinion would be a prohibited advisory opinion and one this Court need not undertake.

Second, CAL did not file a competing plan, nor has a signed competing offer been presented to the Debtor whereby, CAL would assume the GD contracts. Therefore, any determination as to the enforceability of any terms of the GD contract *vis-a-vis* CAL, are illusory and not an actual controversy before the Court at this time.

-3-

## <u>CONCLUSION</u>

For all of the above reasons, the Motion for Declaratory Relief filed by Interested Party

Conco Acquirement, LLC, be and hereby is, **DENIED**.


Joan A. Lloyd
United States Bankruptcy Judge

Dated:  November 13, 2014

### UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

IN RE:                                        )
                                              )
CONCO, INC.                                   )        CASE NO.: 12-34933(1)(11)
                                              )
_____ Debtor(s)           )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Declaratory Relief filed by Interested Party Conco Acquirement, LLC, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  November 13, 2014